**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| B. ROKA <br> S. KHATRI <br>   1311 Timberbrook Dr, <br>   Kirkwood, MO 63122 <br>                   Plaintiff(s) <br><br>                   v. <br><br> KRISTI NOEM, in her official capacity, <br> Secretary, U.S. Department of Homeland <br> Security; <br> JOSEPH B. EDLOW, in his official capacity, <br> Director, U.S. Citizenship and Immigration <br> Services; <br>   2707 Martin Luther King Jr. Ave, SE <br>   Washington, DC 20528-0485 <br><br> PAM BONDI, in her official capacity, <br> Attorney General, Office of Attorney General, <br> U.S. Department of Justice; <br>   950 Pennsylvania Avenue, NW <br>   Washington, DC 20530-0001 <br><br>                   Defendant(s). | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br><br> Civil Action No. |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Tamunotonte Fenny, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W Algonquin Rd

Suite 630 Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email:

tonte@jeelani-law.com.

1

**INTRODUCTION**

COME NOW B. ROKA, (hereinafter "Plaintiff ROKA" or collectively "Plaintiffs") and S. KHATRI (hereinafter "Plaintiff KHATRI" or collectively "Plaintiffs"), by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff ROKA is a national of Nepal who was sponsored by his employer for permanent resident status under the employment-based 3rd preference category for unskilled workers.[1] As such, he has the right to apply for permanent resident status by filing Form I-485, Application for Adjustment of Status ("Application"). Plaintiff's Application was properly and completely filed on January 7, 2022.

2.      Plaintiff KHATRI is the spouse of Plaintiff ROKA and is a national of Nepal. As the derivative beneficiary of Plaintiff ROKA's approved Form I-140, Plaintiff KHATRI is eligible to adjust her status to that of a lawful permanent resident. Plaintiff KHATRI properly and completely filed her Form I-485, Application for Adjustment of Status, on January 7, 2022, and her Application has likewise remained pending before U.S. Citizenship and Immigration Services without a full and final adjudication.

---

[1] The EB-3 (8 C.F.R. § 204.5), Unskilled Visa category is a U.S. employment-based immigration option designed for foreign nationals seeking to obtain permanent residency (a green card) based on a job offer in a position that requires less than two years of training or experience. This visa category is part of the broader EB-3 classification, which also includes skilled workers and professionals. The first two steps must be taken by the employer. First, the employer must file an application with the Department of Labor ("DOL") for labor certification stating that there are insufficient qualified, able, and willing U.S. workers to fill the position. (20 C.F.R. § 656.1). Second, once the labor certification has been obtained, the employer must file a petition with USCIS for an employment visa on behalf of the non-citizen employee. This petition for an employment visa is called a Form I-140 petition. 8 C.F.R. § 204.5(a). A Form I-140 petition filed on behalf of an unskilled worker will be approved if, among other things, the employer has obtained valid labor certification, and the non-citizen employee has the relevant training or experience. 8 C.F.R. § 204.5(l). The third and final step must be taken by the individual seeking employment. While the employer's Form I-140 petition is pending (or after it has been approved), the non-citizen employee must file a Form I-485 to apply to adjust his or her status to that of a permanent resident. 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(3)(ii). To be eligible for an EB3 Unskilled Visa, applicant must have a full-time, permanent job offer from a U.S. employer for a position that requires less than two years of training or experience. The EB-3 Unskilled Visa category offers a pathway to permanent residency for foreign workers in positions that do not require advanced skills or education, addressing labor shortages in various industries while ensuring that U.S. labor market conditions are protected.

3.      This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' respective Form I-485 Applications within a reasonable period of time. The respective Applications have been in pending status for a period of over 46 months, which is over four times the historical average processing time (11.0 months) for similar filings made in 2022[2]. The Plaintiffs have a clear right to the adjudication of their respective Applications within a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4.      Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiffs' respective Applications as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

5.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the respective Applications.

## PARTIES

6.      Plaintiff B. ROKA is a citizen of Nepal and for the purposes of this action he is a resident of St. Louis County, Missouri.  He is the applicant of a Form I-485, Application for Adjustment of Status. (Receipt Notice # LIN2209750991).

7.      Plaintiff KHATRI is a citizen of Nepal and for the purposes of this action she is a resident of St. Louis County, Missouri. She is the derivative applicant of a Form I-485, Application for Adjustment of Status, based on the approved Form I-140 petition of her spouse, Plaintiff ROKA. (Receipt Notice # LIN2209751018).

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

8.      Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9.      Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

10.     Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

12.     Venue is proper in the District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiffs reside, and no real property is at issue in the instant action.

## EXHAUSTION OF REMEDIES

13.     The Plaintiffs have repeatedly requested the Defendants to make a final decision on their respective Applications.

14.     The Plaintiffs have exhausted their administrative remedies. The Plaintiffs have supplied USCIS with documents that establish their eligibility for the approval of their respective Applications.

15.     There are no further administrative remedies available for the Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

16.     On January 7, 2022, Plaintiff ROKA's employer properly filed Form I-140, Immigrant Petition for Alien Worker, with USCIS, with a priority date of March 11, 2021. Plaintiffs' priority date is current.

17.     Plaintiff's Form I-140 was approved on January 13, 2022.

18.     On January 7, 2022, Plaintiff ROKA properly filed, Form I-485, Application for Adjustment of Status (Receipt Notice # LIN2209750991). On the same date, his spouse, Plaintiff KHATRI, also properly filed her Form I-485, Application for Adjustment of Status, as a derivative applicant based on Plaintiff ROKA's approved Form I-140 (Receipt Notice # LIN2209751018). **[EXHIBIT A].**

19.     On January 10, 2022, Defendants issued a notice informing Plaintiff ROKA that they would be able to reuse his previously captured fingerprints and other biometrics. Accordingly, he would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT B].**

20.     On January 18, 2022, Defendants likewise issued a notice to Plaintiff KHATRI, informing her that they would be able to reuse her previously captured fingerprints and other biometrics. Accordingly, she would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT C].**

5

21.    On October 1, 2022, Plaintiff ROKA was issued a notice informing him that in "order to speed up the processing" of his case, his file was being transferred to the National Benefits Center. **[EXHIBIT D].**

22.    Subsequently, on June 1, 2023, Plaintiff ROKA received yet another notice informing him that in "order to speed up the processing" of his case, his file was supposedly being transferred again to the National Benefits Center. **[EXHIBIT D].**

23.    On October 10, 2024, the Plaintiffs were scheduled to appear at the USCIS St. Louis Field Office to complete their required interview, which they attended on November 12, 2024.

24.    Since the completion of their required interview, USCIS has made no further requests for information or evidence of the Plaintiffs, nor have they made a final decision on their respective Applications.

25.    Plaintiffs have made numerous inquiries over the past 46 months with USCIS and have requested the adjudication of their respective Applications.

26.    Plaintiffs' inquiries have not resulted in any meaningful response from USCIS.

27.    Plaintiffs' Applications now continue to be pending with USCIS for over 46 months.

28.    USCIS has published a historical average processing time in 2022 of 11.0 months for the adjudication of employment-based Form I-485 adjustment applications. Plaintiffs' Applications have been pending for over 46 months, which is over four times the historical average processing time as reported by USCIS.[3]

29.    Defendants have refused to provide further explanation which would merit the need for over four times the historical average processing times.

---

[3] https://egov.uscis.gov/processing-times/historic-pt

30.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending without action by USCIS.

31.     Plaintiffs have been deprived of the opportunity to have accumulated sufficient time as permanent residents to become U.S. citizens. Furthermore, as a direct result of Defendants' prolonged delay in adjudicating Plaintiffs' employment-based adjustment of status applications, Plaintiffs have suffered significant and ongoing personal detriment. Specifically, Plaintiffs have been unable to travel outside the United States to reunite with immediate family members abroad. The indefinite pendency of the application has imposed substantial emotional and personal hardship, restricting Plaintiffs' ability to maintain family relationships and plan for their personal life. These harms are a direct consequence of Defendants' unreasonable delay and constitute actionable injury under the Administrative Procedure Act.

32.     As a result of Defendants' delay, Plaintiffs are at risk of losing their qualification for permanent resident status.[4]

## **COUNT I**

### VIOLATION OF THE APA - APPLICATIONS

33.     All prior paragraphs are re-alleged as if fully stated herein.

---

[4] Congress sets limits on the number of immigrant visas that can be issued each year. In order to adjust status to that of legal permanent resident, an immigrant visa must be available to the applicant both at the time of filing and at the time of adjudication. The Department of State publishes a monthly Visa Bulletin which lists the cut-off dates that govern visa availability. Therefore, the monthly Visa Bulletin determines which applicants are eligible to file for adjustment of status, as well as which applicants are eligible for a grant of permanent resident status. Demand for visa numbers by applicants with a variety of priority dates can fluctuate from one month to another, with an inevitable impact on cut-off dates. Such fluctuations can cause cut-off date movement to slow, stop, or even retrogress. Visa retrogression occurs when more people apply for a visa in a particular category or country than there are visas available for that month. *See: Visa Retrogression, https://www.uscis.gov/green-card/green-card-processes-and-procedures/visa-availability-priority-dates/visa-retrogression.*

34.    Plaintiffs have a statutory right to apply for adjustment of their status to a permanent resident by filing Form I-485, Application to Register Permanent Residence of Adjust Status pursuant to 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(3)(ii).

35.    Defendants have a duty to adjudicate Plaintiffs' respective Applications within a reasonable period of time under 5 U.S.C. §555(b).

36.    The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

37.    No other adequate remedy is available to Plaintiffs.

38.    Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff ROKA and Plaintiff KHATRI to adjudicate their respective Applications.

39.    Given the Defendants' lack of a reason for not making a decision on Plaintiff ROKA and Plaintiff KHATRI's respective Form I-1485 Application for over three years and ten months (over 46 months or 1409 days), Plaintiffs' respective Applications have been pending for an unreasonably long period of time.

40.    Defendants have failed in their statutory duty to adjudicate the respective Applications within a reasonable period of time.

41.    Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff ROKA and Plaintiff KHATRI's respective Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

42.    Defendants' delay in this is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused

8

to adjudicate Plaintiffs' respective Applications, thereby depriving Plaintiffs of the rights to which they are entitled. Furthermore, Defendants' prolonged delay in adjudicating Plaintiff's employment-based adjustment of status applications has caused significant personal harm. Plaintiffs have been unable to travel abroad to reunite with immediate family, resulting in substantial emotional distress and interference with family life. These harms stem directly from Defendants' unreasonable delay and constitute actionable injury under the Administrative Procedure Act.

43.    In addition, as a result of this delay, Plaintiffs had incurred enormous costs and significant attorney's fees. Furthermore, Plaintiffs have been unable to receive their permanent resident status and have lost time which would have accrued towards their qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff ROKA and Plaintiff KHATRI's respective Form I-485, Applications.

2. In the alternative, that the Court compels Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff ROKA and Plaintiff KHATRI's respective Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  November 16, 2025                    Respectfully submitted,

/s Tamunotonte Fenny
**Tamunotonte Fenny, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W Algonquin Rd Suite 630**
**Rolling Meadows, IL 60008**
**tonte@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*

10