**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B. ROKA and S. KHATRI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:25-CV-01697-RWS** |
| | ) | |
| **KRISTI NOEM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** Defendants, Kristi Noem, Joseph B. Edlow, and Pamela Bondi, in their

official capacity, by and through their attorneys, Thomas C. Albus, United States Attorney for the

Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said

District, and for their Memorandum of Law in Support of a Motion to Dismiss under Rule 12(b)(1),

state as follows:

**I.      BACKGROUND**

Plaintiffs bring their case seeking relief under the Administrative Procedures Act ("APA"),

5 U.S.C. § 706(1), which is effectively a claim under the Mandamus Act, 28 U.S.C. § 1361.[1] They

allege an unreasonable delay by USCIS and other defendants in the adjudication of their principal

and derivative I-485, *Application to Register Permanent Residence or Adjust Status* (Receipt Nos.

---

[1] These claims collapse into one. Indeed, "a claim under § 706(1) should be reviewed as a petition for a writ of mandamus." Wilkes v. Blinken, 2022 WL 1288402 at *4 (E.D. Mo. Apr. 29, 2022) (Clark, J.) (quoting Org. for Competitive Markets v. U.S. Dep't of Agric., 912 F.3d 455, 461-62 (8th Cir. 2018)); Kangarloo v. Pompeo, 480 F.Supp.3d 134, 142 (D.D.C. 2020) ("The standard for undue delay under the Mandamus Act … is identical to the APA standard.").

1

LIN2209750991, LIN2209751018). The two I-485s were filed on January 7, 2022. Compl., ¶¶ 16-18.[2]

On January 21, 2026, Defendants moved for an extension of time to answer the Complaint so that they could, potentially, render this case moot. See ECF 8, pp. 1-2. This Court granted that motion and extended the deadline to answer until March 16, 2026. See ECF 9. On February 12, 2026, USCIS issued a Request for Evidence (RFE) on Receipt No. LIN2209750991—the principal I-485—seeking further employment-related information from Plaintiffs before rendering a final decision; Plaintiffs have until May 13, 2026, to respond to the RFE. See Request for Evidence Dated 12 February 2026, attached hereto as **EXHIBIT A**. As such, while the parties continue to work together to resolve their dispute, the burden to act currently sits with Plaintiffs to prove eligibility.

---

[2] Congress established five employment-based visa categories for would-be immigrants. An EB-1 is for individuals with exceptional abilities in various fields such as science or athletics. An EB-2 is for professionals with advanced degrees. An EB-3 is for professionals, skilled workers, and unskilled workers. An EB-4 is for special immigrant workers, physicians, Iraqi/Afghan translators, broadcasters, National/international organization employees, and Panama Canal workers. An EB-5 is for investors. See Generally 8 U.S.C. § 1153(b)(1)-(5).

Inspected aliens who are either admitted or paroled may seek an adjustment of status for permanent residence. See 8 U.S.C. § 1255(a). This is done by filing an I-485, *Application to Register Permanent Residence or Adjust Status*. For EB-1, EB-2, and EB-3 categories, an I-485 may be filed concurrently with or after the underlying I-140, *Immigrant Petition for Alien Worker*, is granted. See 8 C.F.R. § 245.2(a)(2)(i)(B). For other categories, the relevant underlying petition (e.g. an I-360 for EB-4 workers) *must* be approved first.

On January 7, 2022, Plaintiff applied for an EB-3 using an I-140, *Immigrant Petition for Alien Worker*, which was granted on January 13, 2022. He concurrently filed his I-485 on the same day. Compl. ¶¶ 16-18. The Secretary of Homeland Security, as delated authority by the Attorney General, may "***in his discretion***, and under such regulations as he may prescribe" adjust an approved petition "to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a) (emphasis added). This discretionary component proves important, as explained herein.

Plaintiff's spouse also filed a derivative I-485. Although it is dependent on the principal's eligibility, such an application is generally filed as an accompanying or follow-to-join spouse/child under 8 U.S.C. § 1153(d).

Nonetheless, pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), this Court lacks subject-matter jurisdiction to consider Plaintiffs' claims; and thus, good-faith efforts aside to moot this case, it should be dismissed now. Indeed, the decision to grant an I-485 is discretionary, see 8 U.S.C. § 1159(b), and thus so too is the action of determining the pace for which to grant or deny it. As the Eighth Circuit has explained, "Congress has circumscribed judicial review of the discretionary-relief process in immigration cases." Fofana v. Noem, 163 F.4th 1135, 1137 (8th Cir. 2026); accord Thigulla v. Jaddou, 94 F.4th 770 775 (8th Cir. 2024); Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.). Concordantly, this case must be dismissed.

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1)—Lack of Subject-Matter Jurisdiction.

"A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be either a 'facial' or 'factual' attack on the complaint." Nestle Purina Petcare Co. v. PetSmart, Inc., 2019 WL 3388051 at *2 (E.D. Mo. Jul 26, 2019) (citing Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 914 (8th Cir. 2015)). "In a facial attack, a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). "A factual attack occurs when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction." Id. The former "confines [the court's] review to the pleadings and to facts subject to judicial notice." United States v. Millennium Laboratories, Inc., 923 F.3d 240, 244 (1st Cir. 2019); Kareem v. Haspel, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021). The latter permits "the court [to] consider[] matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Davis, 886 F.3d at 679.

Here, Defendants do not rely on facts beyond the Complaint. Therefore, their motion is a facial attack. See Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018).

3

III.    ANALYSIS

A. This Court Has No Subject-Matter Jurisdiction to Review the Discretionary-Relief Process in Immigration Cases—Including the Pace of Decision-making.

Couched as it is between the Mandamus Act and the APA, Plaintiff's lawsuit ultimately seeks to invoke the "extraordinary remedy" of a writ of mandamus, which is "reserved for extraordinary situations." Org. for Competitive Markets v. U.S. Dep't of Agric., 912 F.3d 455, 462 (8th Cir. 2018) (agreeing that "the mandamus approach to agency delay issues" is "jurisdictionally appropriate"). But, as the U.S. Supreme Court observed, such claims "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Id. (quoting Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis in original)).

Notwithstanding this limitation, and perhaps recognizing the potential entanglement between the judiciary and the executive branch, Congress enacted 8 U.S.C. § 1252(a)(2)(B) to expressly forbid the judiciary from reviewing __*any*__ "of the discretionary-relief process in immigration cases." Fofana v. Noem, 163 F.4th 1135, 1137 (8th Cir. 2026). To be sure, "federal courts have a very limited role to play in this process. With the exception for legal and constitutional questions, Congress has barred judicial review of the Attorney General's decisions denying discretionary relief." Patel v. Garland, 596 U.S. 328, 331 (2022).

Section 1252(a)(2)(B) states in full:

**(B) Denials of discretionary relief**

Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*--

> (i) *any judgment* regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

> (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter to be in the discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

4

The only real question raised by this case, then, is whether that statutory bar applies not only to the ultimate decision to grant or deny discretionary relief, but also to the pace at which the government chooses to act. The Eighth Circuit—and this Court—have been clear on that point: the jurisdictional bar extends to so-called "unreasonable delay" suits framed in this manner. See Fofana v. Noem, 163 F.4th 1135, 1137 (8th Cir. 2026); accord Thigulla v. Jaddou, 94 F.4th 770 775 (8th Cir. 2024); Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.).

To be sure, in *Fofana* the Eighth Circuit concluded that the phrase "any other decision or action" in Section 1252(a)(2)(B)(ii), as it relates to the jurisdictional bar, means "decisions [or actions *of whatever kind*." 163 F.4th at 1139 (emphasis added). Thus, "the entire decision whether to adjust status—including the decision whether [Plaintiff] is eligible—is insulated from judicial review." Id. In *Thigulla*, the Eighth Circuit made explicit what *Fofana* necessarily implied: § 1252(a)(2)(B)(ii) encompasses "the decision to delay adjudicating [a] status-adjustment application," or, put differently, "if the statute specifies that the decision is wholly discretionary, regulations or agency practice"—including those governing pace—"will not make the decision reviewable." 94 F.4th at 775–76. And in *Tokas*, this Court specifically held, in view of *Thigulla*, that "each of the delays in adjudicating [Plaintiff's] applications qualifies as a 'decision or action' for the purposes of § 1252(a)(2)(B)(ii)." Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.). Other cases within the purview of the Eighth Circuit are similarly aligned. See, e.g., Rajasekaran v. Hazuda, 815 F.3d 1095, 1099-1100 (8th Cir. 2016) (holding § 1252(a)(2)(B)(ii) bars judicial review over "the agency's discretionary procedural decisions"); Haydary v. Garland, 2024 WL 4880406 at *5 (E.D. Mo. Nov. 25, 2024) (Bodenhausen, J.) (the "inaction" of choosing not to expedite plaintiff's case beyond standard policies—as part of the total decision-making process—was a discretionary action barred from review by Section 1252(a)(2)(B)(ii)).

Neither the Eighth Circuit nor this Court are alone in the conclusion that Section 1252(a)(2)(B)(ii) bars "unreasonable delay" litigation in the context of discretionary immigration decisions. In the Seventh Circuit, Judge Easterbrook explained it this way:

> [Plaintiff] observes that delay in addressing an application is not a 'decision' on that application. Granted. His problem is that courts lack jurisdiction to review a "decision or action regarding" a waiver. Setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an "action regarding" waivers.

Soni v. Jaddou, 103 F.4th 1271, 1273 (7th Cir. 2024) (Easterbrook, J.) (considering jurisdiction-stripping provision of 8 U.S.C. § 1182(a)(9)(B)(v), which is similarly worded to 8 U.S.C. § 1252(a)(2)(B)(ii) at issue here).

In the Fifth Circuit, it was observed that Section 1252(a)(2)(B) "leaves *not only the ultimate decision* to adjust an applicant's immigration status *but also actions taken in the course of the decision-making process—including the pace at which that process is undertaken*—to the discretion of the Attorney General." Cheejati v. Blinken, 106 F.4th 388, 394 (5th Cir. 2024) (emphasis added).

And various district courts have joined in this conclusion. See, e.g., Szelinger v. U.S. Citizenship & Immigr. Servs., 2025 WL 1727263 at *1 (D.S.C. Jun. 20, 2025) (recognizing that courts have "generally found that USCIC has discretion over the I-485 application process, including its pace, and that district courts therefore lack jurisdiction to compel USCIC to adjudicate an I-485 application under the mandamus statute, the APA, or the Declaratory Judgment Act."); accord Cho Ngwi v. Noem, 2026 WL 456573 at *3 (D. Md. Feb. 18, 2026) (pace of adjudication is barred from review by Section 1252(a)(2)(B)(ii)); Khachutorov v. Britten, 792 F.Supp.3d 1106, 1114 (C.D. Cal. 2025) (same); Salas v. Jaddou, 792 F.Supp.3d 1219, 1225 (D. Colo. 2025) (same);

6

D'Cruz v. U.S. Citizenship & Immigr. Servs., 2024 WL 4523307 at *4 (S.D. Tex. Oct. 9, 2024) (same); Mohsenzadeh v. Kelly, 276 F.Supp.3d 1007, 1014 (S.D. Cal. 2017) (same).

This Court should, therefore, continue the trend of summarily dismissing "unreasonable delay" actions that inherently run afoul of Section 1252(a)(2)(B)(ii). See Tokas, 2025 WL 3501066 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.).

## IV.  CONCLUSION

This Court simply lacks subject-matter jurisdiction to entertain "unreasonable delay" lawsuits involving discretionary immigration benefits. Because 8 U.S.C. § 1252(a)(2)(B)(ii) forecloses this action—as otherwise explained by *Fofana*, *Thigulla*, *Tokas*, and similar caselaw—it must be dismissed.

**WHEREFORE**, Defendants respectfully request this Court ***dismiss*** this action against them.

Respectfully Submitted,

THOMAS C. ALBUS
Acting United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Monday, March 9, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiffs.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney