UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

B. ROKA, et al.,                                                  .

                              Plaintiffs,                    Civil Action No. 4:25-CV-01697
              v.

KRISTI NOEM, et. al.,

                              Defendants.

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, B. Roka and S. Khatri, by and through the undersigned attorney, submit this Memorandum of Law in Opposition to Defendants' Motion to Dismiss under Rule 12(b)(1).

### Background

Plaintiffs filed Form I-485, Application to Register Permanent Residence of Adjust Status (hereinafter Applications) with USCIS on January 7, 2022. This action is brought as a result of Defendants' failure to adjudicate the Applications within a reasonable time. Plaintiffs' Applications remain unadjudicated for over a period of over four years as of the date of this filing, and will likely continue to remain unadjudicated without judicial intervention.

Defendants contend Plaintiffs' claim for relief is barred based on subject matter jurisdiction. However, all Plaintiffs ask is that the Defendants take a discrete action that they are

1

required to take: adjudicating the Applications in a time period consistent with Defendants'

historical average processing time for similar filings in 2022.[1]

## Legal Standard

### I.    Motion To Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff

bears the burden of establishing that the court has jurisdiction. *See Lujan v. Defenders of Wildlife*,

504 U.S. 555, 561 (1992). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must

accept as true all factual allegations in the complaint and construe the complaint liberally, granting

plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Leatherman v*

*Tarrant Cty. Narcotics Intelligence & Coordination* Unit, 507 U.S. 163, 164 (1993). A court need

not accept as true "a legal conclusion couched as a factual allegation" nor an inference

"unsupported by the facts set out in the complaint." *Papasam v. Allain*, 478 U.S. 265, 286 (1986).

## Argument

### I.    The Court has Subject-Matter Jurisdiction as the Agency has failed to Adjudicate the Applications.

Defendants request that this Court dismiss the instant action for lack of subject matter

jurisdiction. ECF Doc 14 pg 4. However, the Court does have subject matter jurisdiction as

Defendants have failed to take a discrete agency action they are required to take. *Norton v.*

*Southern Utah Wilderness Alliance,* 542 U.S. 55, 64 (2004). Here, Defendants are required to

adjudicate the instant Applications. 5 U.S.C. 555(b). The mandate that each agency "shall proceed

to conclude a matter presented to it" combined with the Supreme Court's ruling that the word

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

"shall" imposes a discretionary duty, is conclusive in determining that this is an agency action Defendants are required to take. *SAS Inst., Inc. v. Iancu,* 138 S. Ct. 1348, 1354 (2018). Pursuant to the APA, the Court has the authority to compel the agency to perform its duties by addressing "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Here, the unreasonable delay in adjudicating the Applications stems from Defendants' failure to adhere to their own historical timelines. Therefore, this Court does have subject matter jurisdiction over the mandatory duty to adjudicate the application within a reasonable time.

## II.     Defendants cite cases and statutes that are distinguishable from the instant case.

Defendants cite to *Fofana v. Noem* and *Thigulla v. Jaddou* to support the claim that judicial review is precluded in the instant case. However, *Fofana* involved a case where the decision was issued by USCIS and *Thigulla* involved adjudication by the Department of State. Here, USCIS has jurisdiction over the claim and Plaintiffs are not in removal proceedings.  The statute cited to by Defendants, 8 USC 1252(a)(2)(B) is promulgated in the context of reviewing judicial orders of removal.  There is no review of a judicial order of removal at issue here. This case is wholly distinguishable from the circumstances cited by Defendants and should not be dismissed based on cases and statutes that are not analogous.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Defendants' Motion to Dismiss and grant the relief sought through the instant action.

Date:  March 24, 2026                                Respectfully submitted,

                                                     /s/ **Tamunotonte Fenny**
                                                     **Tamunotonte Fenny, Esq. (386892021)**
                                                     **JEELANI LAW FIRM, PLC**

3

**3701 W. Algonquin Road, Suite 630 Rolling Meadows, IL 60008**
**tonte@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*