**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| B. ROKA and S. KHATRI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-01697-RWS |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** Defendants, Kristi Noem, Joseph B. Edlow, and Pamela Bondi, in their

official capacity, by and through their attorneys, Thomas C. Albus, United States Attorney for the

Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said

District, and for their Reply Brief in Support of a Motion to Dismiss under Rule 12(b)(1), state as

follows:

Plaintiffs' Memorandum in Opposition, terse as it is, misses the mark. Foremost, Plaintiffs

misleads this Court by asserting Defendants "are ***required*** to adjudicate the instant Application,"

an I-485, under 5 U.S.C. § 555(b) (emphasis added). That statute is wholly irrelevant; it speaks

only in broad, unspecified terms about taking administrative action generally under the APA. The

governing law here is the Immigration and Nationality Act (INA). Congress addressed I-485

adjudications directly in 8 U.S.C. § 1159(b), which expressly commits the decision to agency

discretion. Plaintiffs' reliance on § 555(b) is, therefore, not only misplaced, it borders on being

disingenuous. See, e.g., Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385 (1992) ("It is a

commonplace of statutory construction that the specified governs the general.")

1

Second, Plaintiffs play a dangerous game of inviting this Court to disregard directly controlling precedent from both the Eighth Circuit and this Court. See Fofana v. Noem, 163 F.4th 1135, 1137 (8th Cir. 2026); accord Thigulla v. Jaddou, 94 F.4th 770 775 (8th Cir. 2024); Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.). *Fofana* should be ignored, Plaintiffs say, because that case "involved [a] decision [that] was issued by USCIS." ECF 15, p. 3. True enough—but irrelevant. The Eighth Circuit held that it is the ultimate decision and "all aspects of it," including pacing, that are insulated from review. See Fofana, 163 F.4th at 1139 ("*Patel* establishes that the unreviewable decision—'any decision,' like 'any judgment'—is not limited to a final discretionary decision but **includes the Secretary's decision on all aspects of the application for adjustment**." (emphasis added)). If *Fofana* did not make the point unmistakable, *Thigulla* did; yet, Plaintiffs again urge this Court to disregard *Thigulla* on the remarkable theory that it "involved an adjudication by the Department of State." ECF 15, p. 3. Defendants are aware of no appellate authority suggesting that statutory construction turns on which agency is under the statutory microscope—all else being equal. The statute uses the same language regardless of the agency, and the Eighth Circuit has thus applied it accordingly. Rather, at the risk of repeating oneself:

> In *Thigulla*, the Eighth Circuit made explicit what *Fofana* necessarily implied: § 1252(a)(2)(B)(ii) encompasses 'the decision to delay adjudicating [a] status-adjustment application,' or, put differently, 'if the statute specifies that the decision is wholly discretionary, regulations or agency practice'—including those governing pace—'will not make the decision reviewable.' 94 F.4th at 775–76. And in *Tokas*, this Court specifically held, in view of *Thigulla*, that 'each of the delays in adjudicating [Plaintiff's] applications qualifies as a 'decision or action' for the purposes of § 1252(a)(2)(B)(ii).' Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.).

ECF 14, p. 5.

2

Of course, these opinions are not alone; myriad cases are directly on point or else similarly aligned—all, of which, Plaintiffs conspicuously ignore. See, e.g., Rajasekaran v. Hazuda, 815 F.3d 1095, 1099-1100 (8th Cir. 2016) (holding § 1252(a)(2)(B)(ii) bars judicial review over "the agency's discretionary procedural decisions"); Haydary v. Garland, 2024 WL 4880406 at *5 (E.D. Mo. Nov. 25, 2024) (Bodenhausen, J.) (the "inaction" of choosing not to expedite plaintiff's case beyond standard policies—as part of the total decision-making process—was a discretionary action barred from review by Section 1252(a)(2)(B)(ii)); Cheejati v. Blinken, 106 F.4th 388, 394 (5th Cir. 2024) (Section 1252(a)(2)(B) "leaves not only the ultimate decision to adjust an applicant's immigration status but also actions taken in the course of the decision-making process—*including the pace at which that process is undertaken*—to the discretion of the Attorney General." (emphasis added)) accord Szelinger v. U.S. Citizenship & Immigr. Servs., 2025 WL 1727263 at *1 (D.S.C. Jun. 20, 2025) (recognizing that courts have "generally found that USCIC has discretion over the I-485 application process, including its pace, and that district courts therefore lack jurisdiction to compel USCIC to adjudicate an I-485 application under the mandamus statute, the APA, or the Declaratory Judgment Act."); accord Cho Ngwi v. Noem, 2026 WL 456573 at *3 (D. Md. Feb. 18, 2026) (pace of adjudication is barred from review by Section 1252(a)(2)(B)(ii)); Khachutorov v. Britten, 792 F.Supp.3d 1106, 1114 (C.D. Cal. 2025) (same); Salas v. Jaddou, 792 F.Supp.3d 1219, 1225 (D. Colo. 2025) (same); D'Cruz v. U.S. Citizenship & Immigr. Servs., 2024 WL 4523307 at *4 (S.D. Tex. Oct. 9, 2024) (same); Mohsenzadeh v. Kelly, 276 F.Supp.3d 1007, 1014 (S.D. Cal. 2017) (same); cf. Soni v. Jaddou, 103 F.4th 1271, 1273 (7th Cir. 2024) (Easterbrook, J.) ("[Plaintiff] observes that delay in addressing an application is not a 'decision' on that application. Granted. His problem is that courts lack jurisdiction to review a "'decision or action regarding' a waiver. Setting priorities—for example, how many employees to

3

assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers"; considering jurisdiction-stripping provision of 8 U.S.C. § 1182(a)(9)(B)(v), which is similarly worded to 8 U.S.C. § 1252(a)(2)(B)(ii) at issue here).

As it was said before, this Court simply lacks subject-matter jurisdiction to entertain "unreasonable delay" lawsuits involving discretionary immigration benefits. Because 8 U.S.C. § 1252(a)(2)(B)(ii) forecloses this action—as otherwise explained by *Fofana*, *Thigulla*, *Tokas*, and similar caselaw—it must be dismissed.

**WHEREFORE**, Defendants respectfully request this Court *dismiss* this action against them.

Respectfully Submitted,

THOMAS C. ALBUS
Acting United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Tuesday, March 24, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiffs.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney

4