**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| B. ROKA<br>S. KHATRI | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | )   Civil Action No. |
| | ) |
| MARKWAYNE MULLIN, in his official<br>capacity, Secretary, U.S. Department of<br>Homeland Security; | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s)[1]. | ) |
| | ) |
| | ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SUBJECT MATTER JURISDICTION**

Plaintiffs B. Roka and S. Khatri respectfully submit this supplemental brief pursuant to the Court's April 21, 2026 Order requesting additional briefing regarding subject matter jurisdiction.

Plaintiffs do not challenge any discretionary determination concerning admissibility, eligibility, or the ultimate grant or denial of adjustment of status. Plaintiffs seek only what the Administrative Procedure Act requires: that USCIS exercise whatever discretion it possesses within a reasonable time. Neither 8 U.S.C. § 1252(a)(2)(B)(ii), nor the Eighth Circuit's decisions in *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024), and *Fofana v. Noem*, 163 F.4th 1135 (8th Cir. 2026), strips this Court

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Homeland Security Markwayne Mullin automatically substitutes Kristi Noem, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services Joseph B. Edlow substitutes former Director Ur M. Jaddou, and Acting Attorney General of the United States Todd Blanche substitutes Pam Bondi.

of jurisdiction over claims alleging that USCIS has unlawfully withheld or unreasonably delayed agency action under the APA, 5 U.S.C. §§ 555(b) and 706(1).

## I. *THIGULLA* AND *FOFANA* ARE DISTINGUISHABLE FROM PLAINTIFFS' CASE

*Thigulla* and *Fofana* may be distinguished from the present case on several critical grounds. In *Thigulla*, the Eighth Circuit examined whether USCIS had the statutory discretion to implement and enforce an "Adjudication Hold Policy" after visa retrogression rendered immigrant visas unavailable. The court held that, because the plaintiffs' priority dates were no longer current, USCIS could not lawfully approve their applications until visa numbers became available again. The court essentially ruled that USCIS had the authority under § 1255(a) to delay adjudication based on that specific policy. *Thigulla*, 94 F.4th at 772–76; Id. at 775–76.

The present case, however, involves materially different facts and legal questions, despite the fact that Plaintiffs are also from India. Unlike the plaintiffs in *Thigulla*, the priority dates of the Plaintiffs here are current, immigrant visas are immediately available, and USCIS is not operating under any congressionally authorized adjudication hold. The Plaintiffs do not challenge any agency policy or discretionary framework; rather, they contest USCIS's failure to render a decision after more than four years of pendency. Unlike the plaintiffs in Thigulla, the Plaintiffs in this case are not seeking adjudication during a period of visa retrogression or while subject to the Adjudication Hold Policy. The primary issue in *Thigulla* was the unavailability of visa numbers, which allowed USCIS discretion to delay adjudication. Conversely, a visa number is currently available for the Plaintiffs, negating the primary justification relied upon by the court in *Thigulla*. Notably, *Thigulla* did not address whether USCIS can indefinitely postpone adjudication when no statutory impediment exists, particularly because the Administrative Procedure Act (APA) requires agencies to conclude matters presented "within a reasonable time." 5 U.S.C. § 555(b).

Other courts have acknowledged that cases involving retrogression holds are fundamentally different from ordinary pace-of-adjudication claims, as articulated in *Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 485490, at *7–8 (N.D. Cal. Feb. 20, 2026) (retrogression-hold cases stand on a "different factual and legal footing" from ordinary pace-of-adjudication claims).

Accordingly, any reliance on visa retrogression cases, including *Thigulla v. Jaddou*, 94 F.4th 770, 777 (8th Cir. 2024), *Kale v. Alfonso-Royals*, 139 F.4th 329, 335 (4th Cir. 2025), *Geda v. USCIS*, 126 F.4th 835, 842 (3rd Cir. 2024), and *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024), as well as *Kanapuram v. Dir. Of U.S. Citizenship & Immigr. Servs.*, 131 F. 4th 1306, 1307 (11th Cir. 2025), is misplaced. These cases arise in a materially different factual and legal context compared to the present action. Courts have recognized that visa retrogression cases involve a defined "condition precedent," namely, the unavailability of visa numbers, that prevents USCIS from adjudicating adjustment applications. See *Varniab v. Edlow*, No. 25-CV-10602-SVK, 2026 WL 485490, at *7 (N.D. Cal. Feb. 20, 2026). The governing regulation specifies that adjustment applications "shall not be approved until an immigrant visa number has been allocated by the Department of State." 8 C.F.R. § 245.2(a)(5)(ii). In such cases, courts have determined that USCIS may lawfully hold applications in abeyance until visa numbers become available. Here, however, the Plaintiffs' priority dates are current, immigrant visas are readily available, and no statutory or regulatory condition precedent prevents the adjudication of their respective applications. Additionally, USCIS is not operating under any formally authorized adjudicatory hold policy with a defined endpoint. Instead, the Plaintiffs challenge USCIS's prolonged and effectively indefinite failure to adjudicate their applications, despite visa availability and completed interviews. As *Varniab* pointed out, visa retrogression cases do not establish a "general principle that USCIS has unfettered discretion to impose adjudicatory holds," especially in scenarios lacking an identifiable

3

endpoint, a condition precedent to adjudication, or regulation authorizing indefinite delay. *Id.* at *8. Therefore, the visa retrogression authorities do not support the dismissal for lack of jurisdiction in this case.

Furthermore, *Thigulla* did not evaluate whether agency inaction constitutes a "decision or action" under § 1252(a)(2)(B)(ii). The Eighth Circuit's focus was on an affirmative agency policy adopted under discretion expressly conferred by statute. Here, the Plaintiffs do not challenge a discretionary policy but instead question USCIS's prolonged failure to take action. Additionally, unlike in *Thigulla,* the Plaintiff's claims revolve around USCIS's failure to adjudicate despite the apparent availability of a visa number. Thus, the Plaintiffs are contesting an ongoing delay that is in stark contrast to the core justification in *Thigulla*, namely, the absence of an immediately available visa.

In *Fofana*, the case involved judicial review of USCIS's substantive inadmissibility determination during the denial of an adjustment of status. 163 F.4th at 1137–39. However, unlike the circumstances in *Fofana*, the Plaintiffs here are not facing a denial based on inadmissibility grounds or any factual disputes concerning prior conduct. The Plaintiffs are Indian nationals with established lawful employment histories in the United States under valid nonimmigrant employment visas, and their applications are based on an approved employment-based immigrant petition (I-140). Their claims do not involve discretionary terrorism-related determinations or complex admissibility findings; rather, they are straightforward applications for adjustment of status. In *Fofana*, the plaintiff sought review of USCIS's determination that he was inadmissible due to alleged material support for a terrorist organization. Id. at 1137. The Eighth Circuit ruled that § 1252(a)(2)(B)(ii) barred review of that underlying eligibility determination, as it was part of the ultimate discretionary adjustment decision. *Id.* at 1138–39. By contrast, the Plaintiffs in the

4

current case are not requesting this Court to review inadmissibility findings or the merits of adjustment; they are simply seeking prompt adjudication of their applications.

Moreover, the core issue in *Fofana* revolved around whether USCIS had committed a legal error in denying adjustment of status based on the alleged material support to a terrorist organization. The court heavily focused on statutory interpretation, evidentiary deficiencies, and USCIS's failure to properly apply terrorism-related inadmissibility provisions. In stark contrast, here the Plaintiffs' case concerns USCIS's failure to act at all, despite having the authority to do so when immigrant visas are available and no apparent bar to adjudication exists. Furthermore, while *Fofana* dealt with a final denial decision, necessitating judicial review, the Plaintiffs here challenge a persistent delay without a final determination having been made, emphasizing their right to timely adjudication after years of lawful employment and compliance with immigration regulations.

Lastly, *Fofana* supports the principle that courts retain jurisdiction to review legal errors and nondiscretionary agency obligations, even in the immigration context. The court explicitly differentiated between unreviewable discretionary decisions and those reviewable for legal or procedural errors. This distinction reinforces the Plaintiffs' position that federal courts can review allegations of unlawful withholding or unreasonable delay in adjudication, particularly given that immigrant visas are available and no valid statutory basis for continued delay exists.

This distinction is essential. *Fofana* did not address whether total agency inaction is insulated from judicial scrutiny. Extending *Fofana*'s reasoning to encompass all delay claims would effectively nullify judicial review whenever USCIS chooses to withhold action indefinitely. Such an interpretation would be inconsistent with the APA's stipulation that agencies must conclude matters within a reasonable time frame, thus undermining the statutory framework

designed to protect the rights of applicants. Accordingly, Plaintiffs assert that both *Thigulla* and *Fofana* are distinguishable from the instant matter.

## II. USCIS'S FAILURE TO ADJUDICATE PLAINTIFFS' APPLICATIONS IS NOT A "DECISION OR ACTION" UNDER § 1252(a)(2)(B)(ii)

Section 1252(a)(2)(B)(ii) bars review only of a "decision or action" specified by statute to be discretionary. By its plain text, the provision does not encompass agency inaction.

Courts interpreting similar provisions of the Immigration and nationality Act (INA) have consistently concluded that terms such as "decision" and "action" denote affirmative conduct, not failure to act. See *Lovo v. Miller*, 107 F.4th 199, 207–08 (4th Cir. 2024); *Kale v. Alfonso-Royals*, 139 F.4th 329, 335 (4th Cir. 2025). This interpretation is further reinforced by the Administrative Procedure Act (APA), which separately defines "agency action" to include a "failure to act." 5 U.S.C. § 551(13). The inclusion of "failure to act" within the APA underscores that ordinary references to "action" do not inherently cover inaction. If Congress intended for § 1252(a)(2)(B)(ii) to bar review of claims based on agency delay, it could have articulated that intention explicitly; it did not.

Moreover, the Supreme Court has firmly established that jurisdiction-stripping statutes must be construed narrowly, and that courts should apply a "strong presumption favoring judicial review of administrative action." *Kucana v. Holder*, 558 U.S. 233, 251–52 (2010). Within the text of § 1252(a)(2)(B)(ii) there is no clear and convincing indication of congressional intent to immunize USCIS from review where the agency simply refuses to decide applications for an indefinite period.

Importantly, Plaintiffs do not seek to compel a particular outcome. Plaintiffs seek only a decision. Their challenge pertains to the agency's inaction rather than any discretionary substantive

6

determination. Therefore, their claims fall outside the jurisdictional bar imposed by § 1252(a)(2)(B)(ii), warranting judicial review of the prolonged delay in adjudication.

### III. 8 C.F.R. § 245.2(a)(5)(i), READ TOGETHER WITH THE APA, IMPOSES A NON-DISCRETIONARY DUTY TO ADJUDICATE PLAINTIFFS' APPLICATIONS WITHIN A REASONABLE TIME

The Administrative Procedure Act (APA) imposes a mandatory obligation on agencies to act. Specifically, Section 555(b) mandates that agencies "shall proceed to conclude a matter presented to [them]" within a reasonable time frame. Additionally, § 706(1) empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." While USCIS retains discretion regarding the manner in which it adjudicates Plaintiffs' applications, it does not possess the discretion to indefinitely postpone such adjudication. As the Supreme Court noted in *Norton v. Southern Utah Wilderness Alliance*, courts have the authority to compel agencies to take discrete actions they are legally required to undertake. 542 U.S. 55, 64–65 (2004). This is exactly what the Plaintiffs seek in this case.

Moreover, USCIS's own regulations impose a mandatory duty to render a decision. According to 8 C.F.R. § 245.2(a)(5)(i), an applicant "shall be notified of the decision of the director and, if the application is denied, the reasons for denial." The regulation uses "shall" to indicate a mandatory, rather than discretionary, obligation. Courts have recognized that this regulation creates a non-discretionary duty to adjudicate adjustment applications. See, *Joshua v. Jaddou*, No. 1:24-CV-00667-JRR, 2025 WL 449001, at *6–7 (D. Md. Feb. 10, 2025) (citing *Mokuolo*, 2024 U.S. Dist. LEXIS 208458, 2024 WL 4783542, at *5, where the court addressed the regulations concerning applications for adjustment of status, specifically 8 C.F.R. § 245.2. This regulation states that an applicant shall be informed of the director's decision regarding their application and be provided with reasons if their application is denied. Following guidance from the Fourth Circuit,

7

the *Mokuolu* court interpreted the relevant laws to confirm that adjudicating VAWA (Violence Against Women Act) self-petitions and other adjustment applications is a required action, not a discretionary one, as the language is "sufficiently clear  . . . to conclude that an agency is mandated to act." Since these actions are mandatory, the court ruled that it had the authority to hear the plaintiff's claim concerning unreasonable delay under the Administrative Procedure Act (APA).); *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1380 (M.D. Ga. 2019); *Varniab*, 2026 WL 485490, at *10.

Importantly, § 1252(a)(2)(B)(ii) applies only to discretion that is "specified under this subchapter," meaning that it must be specified by statute. As the Supreme Court clarified in *Kucana v. Holder*, 558 U.S. 233, 247 (2010), the Government cannot convert a mandatory regulatory obligation into unreviewable discretion merely because the ultimate decision on adjustment is discretionary.

Without judicial review, USCIS could delay adjudication indefinitely without facing any consequences, effectively undermining the APA's directive that agencies conclude matters within a reasonable time. Courts have consistently rejected interpretations that permit such delays. See *Burni v. Frazier*, 545 F. Supp. 2d 894, 903 (D. Minn. 2008) ("[B]y necessary implication the adjudication must occur within a reasonable time."); *Mugomoke v. Curda*, No. 2:10-CV-02166 KJM, 2012 WL 113800, at *4 (E.D. Cal. Jan. 13, 2012) (holding USCIS has a non-discretionary duty to act within a reasonable period).

## IV. <u>THE GOVERNMENT'S POSITION WOULD SANCTION POTENTIALLY INDEFINITE DELAY</u>

The Government's position would effectively permit an indefinite delay in adjudicating applications. Under Defendants' theory, USCIS could postpone adjudication indefinitely, free from judicial oversight, as long as the underlying immigration benefit involves discretionary relief. This interpretation directly contradicts the Administrative Procedure Act (APA), the presumption

favoring judicial review, and principles of separation of powers. Courts have consistently held that Congress could not have intended to authorize "potentially interminable delays." *Burni v. Frazier,* 545 F. Supp. 2d 894, 896 (D. Minn. 2008); *Liang v. Att'y Gen.*, No. C-07-2349 CW, 2007 WL 3225441, at *5 (N.D. Cal. Oct. 30, 2007). Furthermore, "[USCIS] simply does not possess unfettered discretion to relegate aliens to a state of limbo." *Hoyoung Song v. Klapakas*, No. CIV.A.06-05589, 2007 WL 1101283, at *14 (E.D. Pa. Apr. 12, 2007); *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177 at *17, citing *Dae Hyun Kim v. Ashcroft*, 340 F. Supp. 2 d at 393 (S.D.N.Y, 2004).

If § 1252(a)(2)(B)(ii) were interpreted to bar all judicial review of agency delays, USCIS could withhold adjudication indefinitely while being entirely insulated from judicial scrutiny. Such a result is not what Congress intended, as the APA exists specifically to prevent agencies from nullifying statutory rights through inaction.

Should the Court find that jurisdiction exists, the appropriate framework for evaluating the merits of Plaintiffs' unreasonable-delay claim is the six-factor analysis established in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984). Courts within this Circuit routinely apply the TRAC factors in immigration-delay cases. See also *Bemba v. Holder*, 930 F. Supp. 2d 1022, 1029–31 (E.D. Mo. 2013); *Abdi v. Flake*, No. 24-CV-00532, 2024 WL 4373969, at *3 (D. Minn. Oct. 2, 2024).

At a minimum, Plaintiffs have plausibly alleged a delay exceeding four years, the availability of current visas, completion of required interviews, substantial hardship, and a lack of adequate justification for continued non-adjudication. These allegations are more than sufficient to withstand a jurisdictional challenge.

9

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully submit that *Thigulla* and *Fofana* are distinguishable; USCIS's prolonged failure to adjudicate Plaintiffs' respective applications is not a protected "decision or action" under § 1252(a)(2)(B)(ii); the APA and 8 C.F.R. § 245.2(a)(5)(i) impose a nondiscretionary duty to adjudicate Plaintiffs' applications within a reasonable time; and this Court therefore possesses subject matter jurisdiction over Plaintiffs' claims.

Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss and permit this action to proceed on the merits.

Date:  May 20, 2026                              Respectfully submitted,

  /s/ Tamunotonte Fenny
**Tamunotonte Fenny, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W Algonquin Rd Suite 630**
**Rolling Meadows, IL 60008**
tonte**@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*