UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B. ROKA and S. KHATRI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:25 CV 1697 RWS |
| | ) | |
| MARKWAYNE MULLING, et al.[1] | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On April 21, 2026, I entered an Order requesting supplemental briefing from both parties on four issues related to whether this Court has jurisdiction over Plaintiffs' case.  On May 1, 2026, Defendants Markwayne Mullin, Joseph B. Edlow, and Pamela Bondi filed their supplemental brief.

The brief submitted by the Defendants begins with a long discussion about the number of cases that constitute the average Assistant United States Attorney's immigration docket, including a discussion regarding the "marked surge in delay-lawsuit filings" since 2020.[2]  The inclusion of this information is *not germane to the legal analysis of jurisdiction.*  I will resolve this important jurisdictional issue

---

[1] Pamela Bondi should be replaced by Todd Blanche, who is Acting U.S. Attorney General as of April 2, 2026.

[2] The brief cites to "Exhibit A" several times, which purportedly lists "cases generated from this Court's CM-ECF system show[ing] a sharp rise in mandamus filings since 2020, many of which are stayed and then mooted." ECF. No. 19 at 5.  However, "Exhibit A" appears nowhere on the docket.  Whether or not the brief was mistakenly filed without the attachment is of no moment.  I will not consider "Exhibit A" in my ruling on jurisdiction because the information purportedly provided in the Exhibit is not relevant as to the *jurisdictional* question.  The focus is on the application of the law to the Defendants.

based on these Plaintiffs and the law.  An increase or even a decrease in the number of cases filed is not a relevant consideration as to whether this Court has jurisdiction to grant the requested relief.

The Defendants' brief spends significant time including in lengthy footnotes arguing about another issue that is not relevant as to jurisdiction: the creation of "perverse litigation incentives."  Whether litigants are pursuing a legal strategy or are "encouraged" to file lawsuits because of the Government's past alleged conduct to moot a case "rather than divert limited resources to defend it" are again not relevant whether this Court has jurisdiction to grant the requested relief.[3]

Put simply, my decision on the jurisdictional question will not be based on the increase or decrease in the number of cases or on any real or perceived litigation strategies by the plaintiffs or the defendants in other cases.  I will make a decision based on the law.  I requested the parties provide supplemental briefing on four *legal issues* that I found were relevant in determining whether this Court has jurisdiction.  I did not request further briefing on the merits of applying the *TRAC*[4] factors in unreasonable delay lawsuits.[5]

---

[3] Curiously, the AUSA writes that he has a "duty to bring this practice to an end."  ECF. No. 19 at 6.  He also believes "[t]his Court, too, has an obligation not to merely reprioritize agency prerogatives in an arbitrary way." *Id.*  What the AUSA does not seem to recognize is that the only proper "obligation" of this Court is to apply the law and conduct a legal analysis of jurisdiction, which is why I requested supplemental briefing.

[4] *Telecommunications Research and Action Center v. Federal Communications Commission, et al.*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*").

[5] The Defendants' brief argues that the *TRAC* factors are "unwieldy and highly subjective."  ECF. No. 19 at 15.

Additionally, the Defendants' brief failed to address the fourth issue: "[w]hether the United States Attorney's position would sanction USCIS's potentially indefinite delay in adjudicating Plaintiffs' status adjustment applications."  The Defendants dismiss this question as a "hypothetical" despite the Court pointing to several cases in which courts have found the issue germane to the legal analysis of jurisdiction.

If I have not yet made myself clear—the opportunity to provide supplemental briefing is not an opportunity to be argumentative with the Court.  It is an opportunity to assist the Court in determining *what the law is and why it is applicable in a particular case to the individual parties.*  Nothing more, nothing less.  Therefore, I will give the Defendants 14 days to provide a supplemental brief on the fourth issue.  Of course, Defendants may elect to not address the fourth issue and I will consider the issue as briefed by the parties.  If the Defendants choose to file a supplemental brief regarding the fourth issue, the Plaintiffs may file a response to the Defendants' brief no later than 10 days after the Defendants' brief is filed.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants may file a supplemental brief regarding the fourth issue **no later than Thursday, June 11, 2026.**

**IT IS FURTHER ORDERED** that if the Defendants choose to file a supplemental brief regarding the fourth issue, the Plaintiffs may file a response to the Defendants' brief **no later than 10 days after the Defendants' brief is filed.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2026.