**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| B. ROKA and S. KHATRI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-01697-RWS |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SECOND SUPPLEMENTAL BRIEF**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** Defendants, Markwayne Mullin, Joseph B. Edlow, and Todd Blanche, in their official capacity, by and through their attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said District, and for their Second Supplemental Brief in Support of a Motion to Dismiss under Rule 12(b)(1), state as follows:

On May 28, 2026, this Court directed a second round of supplemental briefing and found that prior submissions were "argumentative" and did not meaningfully address "whether the United States Attorney's position would sanction USCIS's potentially indefinite delay in adjudicating Plaintiffs' status adjustment application." ECF 24, p. 3 ("If I have not yet made myself clear—the opportunity to provide supplemental briefing is not an opportunity to be argumentative with the Court."). Foremost, the undersigned AUSA apologizes to the Court; the intention has never been to be argumentative, but to faithfully advocate the Government's position and to advise the Court regarding what is believed to be controlling and/or highly persuasive authority.

In earlier briefing, the undersigned AUSA explained his view that the question posed by the Court was hypothetical and that "federal courts do not resolve hypotheticals." ECF 19, p. 15

1

(citing TransUnion LLC. v. Ramirez, 594 U.S. 413, 423 (2021)).[1] Nevertheless, this Court has invited the Government to again address "several cases in which courts have found the issue germane." ECF 24, p. 3. Respectfully, the decisions cited—many from other circuits and most predating significant developments in Supreme Court and Eighth Circuit jurisprudence—are of limited, if any, value. See ECF 18, p. 20 (citing, e.g., Burni v. Frazier, 545 F.Supp.2d 894 (D.Minn. 2008); Liang v. Att'y Gen., 2007 WL 3225441 at *5 (N.D. Cal. Oct. 30, 2007); Song v. Klapakas, 2007 WL 1101283 at *4 (E.D. Pa. Apr. 12, 2007)).

To be sure, in 2022 Justice Barrett wrote the majority opinion in *Patel v. Garland*, which directly considered the impact of 8 U.S.C. § 1252. See 596 U.S. 328 (2022). There, both the plaintiff *and* the Government worried about the consequence of interpreting Section 1252(a)(2)(B)(i) in a way that would have the "unintended consequence of precluding all review of USCIS denials of discretionary relief"—recalling that Section 1252(a)(2)(B)(i) is cabined, as it is, to judgments whereas Section 1252(a)(2)(B)(ii) more broadly applies to "any other decision or action." Id. at 345. The concern identified by this Court—whether USCIS could "potentially indefinite[ly] delay" adjudication—as a "decision or action" is conceptually similar. ECF 24, p. 3. But, as Judge Barrett and the majority admonished:

> They urge us to interpret § 1252(a)(2)(B)(i) to avoid the risk of this result. ***Yet we inevitably swerve out of our lane when we put policy considerations in the driver's seat. As we have emphasized many times before, policy concerns cannot trump the best interpretation of the statutory text***.

---

[1] In this case, there has been no indefinite delay, nor will such a delay occur in the future. As discussed elsewhere in the record, USCIS issued an initial Request for Evidence (RFE) that was pending Plaintiffs' response by or before May 13, 2026. Plaintiffs responded, addressing several of the agency's concerns. Upon review of that submission, however, USCIS determined a second RFE was required because the medical documentation provided was outdated and, as a matter of law, could not support approval of the application. The second RFE has now been issued and must be answered by August 27, 2026. Once that response is received, the agency will be in a posture to issue an approval or denial.

Patel, 596 U.S. at 346 (emphasis added); see also Fofana v. Noem, 163 F.4th 1135, 1138 (8th Cir. 2026) ("*Patel* concerned clause (i), but the analysis informs the meaning of clause (ii).").

Simply put, the Eighth Circuit, the Fifth Circuit (directly relying on the Eighth Circuit), this Court, and myriad courts within the Eighth Circuit have concluded that the pace of adjudication falls within Section 1252(a)(2)(B)(ii)'s jurisdictional bar—that is the best interpretation of the statute, as written. Fofana v. Noem, 163 F.4th 1135, 1137 (8th Cir. 2026); See Cheejati v. Blinken, 106 F.4th 388 (5th Cir. 2024) (citing *Thigulla*); Thigulla v. Jaddou, 94 F.4th 770 775 (8th Cir. 2024); Mokone v. U.S. Citizenship & Immigr. Servs., 2026 WL 850521 at *4 (E.D. Mo. Mar. 27, 2026) (Clark, J.); Tokas v. U.S. Citizenship & Immigr. Servs., 2025 WL 3501066 at *2 (E.D. Mo. Dec. 6, 2025) (Pitlyk, J.); Haydary v. Garland, 2024 WL 4880406 at *5 (E.D. Mo. Nov. 25, 2024) (Bodenhausen, M.J.); see also Ahmad Bin Nasrullah v. U.S. Citizenship & Immigr. Servs., 2026 WL 915069 at *4 (D.N.D. Apr. 3, 2026) (Hochhalter, M.J.);  Prada Munoz v. U.S. Citizenship & Immigr. Servs., 2026 WL 322513 at*3 (D. Neb. Feb. 6, 2026) (Bazis, J.); Prajapati v. Alfonso-Royals, 2026 WL 36451 at *4 (W.D. Mo. Jan. 6, 2026) (Kays, J.); Barad v. Noem, 2025 WL 1725322 at *3 (D. Neb. Jun. 20, 2025) (Bataillon, J.); Patel v. U.S. Citizenship & Immigr. Servs., 2025 WL 1655294 at *3-5 (D. Neb. Jun 11, 2025) (Rossiter, J.);  Amaya v. Dir.,

3

U.S. Citizenship & Immigr. Servs., 2025 WL 1295330 at \*8-9 (D. Neb. May 5, 2025) (Buescher, J.); Joshi v. Garland, 728 F. Supp. 3d 1028, 1033 (D. Neb. 2024) (Gerrard, J.).[2]

As such, guided by the "sea change" that is *Patel*, ECF 19, p. 7, the undersigned AUSA directly answers this Court's question now: **yes, under 8 U.S.C. § 1252(a)(2)(B)(ii), and consistent with *Patel*'s instruction that "policy concerns cannot trump the best interpretation of the statutory text," 596 U.S. at 346, this Court is jurisdictionally barred from considering all delay-related litigation involving discretionary relief notwithstanding any policy implications that indefinite delays might occur.** Patel, 596 U.S. at 346. This conclusion follows from the statutory text and controlling precedent. It avoids "swerving out of our lane," ibid. (cleaned up), and reflects the only interpretation consistent with *Patel*, *Thigulla*, and *Fofana*.

---

[2] There are some notable highlights: Joshi, 728 F.Supp.3d at 1033("The plaintiffs suggest (responding to an argument the defendants *didn't* make) that discretion doesn't include the discretion not to act. But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied Section 1252(a)(2)(B)(ii) to discretionary decisions about the decision-making process, not just the result."); Prajapati, 2026 WL 36451 at \*4 (quoting Thigulla, 94 F.4th at 776) ("Congress clearly placed the granting of employment authorization within USCIS' discretion. Under Section 1252(a)(2)(B)(ii), courts do not have jurisdiction to review the granting or withholding of such authorization. The Eighth Circuit regards the process an agency uses—including delays—for making discretionary determinations as also within the agency's statutory discretion and therefore also outside courts' jurisdiction, agency practice notwithstanding. 'If the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable.'"); Prada Munoz, 2026 WL 322513 at \*3 (quoting Thigulla, 94 F.4th at 777) ("Prada Munoz suggests in his complaint that the Court can provide the relief requested in this case because it will only be ordering USCIS to make a decision, not directing USCIS how to exercise its discretion. But that argument is precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decision-making process, not just the result. Under these circumstances, the Court must defer to 'Congress's broad prohibition of judicial review in § 1252(a)(2)(B)(ii)' and 'the tradition of agency discretion over internal procedures.'").

4

Further, almost none of the cases cited by this Court have considered *Patel*'s impact (nor *Thigulla*, nor *Fofana*). As such, most are immediately distinguishable.[3]

---

[3] Only the Fourth Circuit's opinion in *Lovo v. Miller* directly considered *Patel*. See 107 F.4th 199, 209 (4th Cir. 2024). In essence, the Fourth Circuit concluded the term "action" in 8 U.S.C. § 1252(a)(2)(B)(ii) cannot be read to include its opposite—"inaction"—and therefore mandamus-based delay cases fall outside the statute's jurisdictional bar. Ibid. But the Fourth Circuit's analysis rests on a critical error: inaction does not imply the absence of choice. When USCIS does not act on an application, it necessarily reallocates resources away from that application to another—it does not fail to act at all. It is equally accurate to say, therefore, that USCIS chose not to act on this application today in favor of another; the Fourth Circuit did not consider this reframing, which more accurately observes that USCIS is always in the process of triaging its workload. Indeed, choosing not to do something is itself a choice—an "action," broadly understood, and consistent with longstanding administrative-law principles. Cf. Heckler v. Chaney, 470 U.S. 821, 831 (1985) (treating an agency's choice not to prosecute or enforce as "a decision generally committed to an agency's absolute discretion"). Judge Easterbrook made this point all the more clear: while it is true that "delay in addressing an application is not a 'decision' on that application," the "problem is that courts lack jurisdiction to review a 'decision *or* action,'" which necessarily encompasses procedural and administrative choices like "setting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties," which "is an 'action'" in itself. Cf. Soni v. Jaddou, 103 F.4th 1271, 1273 (7th Cir. 2024) (Easterbrook, J.) (considering jurisdiction-stripping provision of 8 U.S.C. § 1182(a)(9)(B)(v), which is similarly worded to 8 U.S.C. § 1252(a)(2)(B)(ii) at issue here).

Could there conceivably be a circumstance in which USCIS's operations cease entirely—where the lights are off, no applications are being adjudicated ***at any pace***, and the agency's conduct amounts to genuine "inaction" falling outside Section 1252(a)(2)(B)(ii)? Perhaps. In such an extreme scenario, a well-pleaded complaint might plausibly raise a constitutional concern, provided it alleges more than speculation and demonstrates that the plaintiff is not in any queue at all but has effectively been forgotten. Cf. Zadvydas v. Davis, 533 U.S. 678 (2001) (statute governing removal-related detentions, which as written might permit indefinite detention, meets with "serious constitutional concerns" and a "reasonable time limitation" so as not to violate the Fifth Amendment); Banyee v. Garland, 115 F.4th 928, 932 (8th Cir. 2024) (clarifying *Zadvydas* and concluding, "nothing suggests that length determines legality. To the contrary, what matters is that detention pending deportation has a definite termination point—deporting or releasing the alien—making it materially different from the potentially permanent confinement authorized by other statutes. The *why*, in other words, is more important than *how long*." (cleaned up; emphasis in original)). To date, however, no such cessation of agency activity has occurred. Periods of slower adjudication have consistently reflected resource and funding constraints—matters committed to Congress, not the courts. And unless and until a complete halt in agency operations were to materialize, claims like this one—in which USCIS continues to take daily "action" by triaging, sequencing, and prioritizing its workload—fall squarely within the jurisdictional bar. Plaintiffs remain in the adjudicatory queue; their challenge concerns the pace at which the agency proceeds. Under binding precedent, such claims are not actionable.

**WHEREFORE**, Defendants respectfully request this Court *dismiss* this action against them.

Respectfully Submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Shane K. Blank*
SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200
shane.blank@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on Friday, June 5, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record for Plaintiffs.

/s/ *Shane K. Blank*
SHANE K. BLANK
Assistant United States Attorney

6